FOX ROTHSCHILD LLP
Formed in the Commonwealth of Pennsylvania
Stanley L. Goodman, Esq.
75 Eisenhower Parkway
Roseland, New Jersey 07068
Telephone: (973) 992-4800
Facsimile: (973) 992-9125
sgoodman@foxrothschild.com
Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MILAGROS COLON,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>KENNETH COLE PRODUCTIONS, INC., a corporation,<br><br>　　　　　　　Defendant. | Civil Action No.<br><br><br>**NOTICE OF REMOVAL**<br>(Diversity and Federal Question) |

TO: THE HONORABLE JUDGES OF THE
    UNITED STATES DISTRICT COURT
    FOR THE DISTRICT OF NEW JERSEY

Defendant Kenneth Cole Productions, Inc. ("Defendant"), a corporation organized under the laws of the State of New York, with its principal place of business in the State of New York, by and through its attorneys, Fox Rothschild LLP, respectfully says:

1.　Plaintiff Milagros Colon commenced the above-captioned action on or about March 17, 2009 by filing a Complaint in the Superior Court of New Jersey, Law Division,

Hudson County, entitled <u>Milagros Colon v. Kenneth Cole Productions, Inc., a corporation</u>, Docket No. HUD-L-1417-09. Said action is now pending in that Court.

2. On April 9, 2009, Plaintiff served a copy of the Summons and Complaint upon Defendant. Receipt of the Summons and Complaint on that date was Defendant's first notice of the existence of a pleading containing a claim for relief asserted by Plaintiff which could be removed to this Court. A copy of each of the foregoing papers, which constitute all of the process and pleadings to date, are annexed hereto as Exhibit A.

3. The Court has jurisdiction over this matter, and removal is proper, pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship, in that:

    a. Defendant is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 603 West 50th Street, New York, NY 10019

    b. According to the Complaint, Plaintiff resides at 240 Hagan Place, Secaucus, New Jersey.

    c. The above-captioned action is a civil action in which the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. Therefore, this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, which may be properly removed pursuant to 28 U.S.C. § 1441.

4. Plaintiff's claims are also ones over which the Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, in that:

    a. Plaintiff's Complaint is based in pertinent part, on allegations that Defendant violated the Family and Medical Leave Act, 29 U.S.C. § 2601 (Complaint, Count 2, ¶

1).

b. This Court has original jurisdiction over this matter due to the existence of a federal question pursuant to 28 U.S.C. § 1331, which may be properly removed to this Court pursuant to 28 U.S.C. §1441.

5. Because this Court has original jurisdiction over a federal question, it also maintains supplemental jurisdiction over Plaintiff's related state law claim. See Conoshenti v. Public Serv. Elec. & Gas Co., 364 F.3d 135, 140 (3d Cir. 2004); Eli Lily & Co. v. Roussel Corp., 23 F.Supp.2d 460, 467 (D.N.J. 1998).

6. This Notice of Removal is filed within the time provided by 29 U.S.C. § 1446(b) and the Federal Rules of Civil Procedure.

7. Upon the filing of this Notice of Removal, Defendant shall give written notice thereof to Alan L. Krumholz, Esq. of Krumholz Dillon, P.A., attorneys for Plaintiff, and Defendant shall file copies of said Notice and Notice of Filing of Removal with the Court Clerk, Superior Court of New Jersey, Law Division, Hudson County, New Jersey.

8. By filing this notice, Defendant does not waive any defenses which may be available to it, specifically including, but not limited to, the absence of venue in this Court or in the Court from which this action has been removed.

9. There are no other defendants in this case, so no further consent for removal is needed.

WHEREFORE, Defendant removes the above-captioned action now pending against them in the Superior Court of New Jersey, Law Division, Hudson County, to the United States District Court for the District of New Jersey, wherein it shall proceed as an action originally commenced therein.

RL1 769434v1 05/04/09

- 4 -

FOX ROTHSCHILD LLP

By: /s Stanley L. Goodman
    Stanley L. Goodman, Esq.
    Attorneys for Defendant
    Kenneth Cole Productions, Inc.
    75 Eisenhower Parkway
    Roseland, New Jersey 07068
    Telephone: (973) 992-4800
    Facsimile: (973) 992-9125

Dated: May 8, 2009

## CERTIFICATE OF SERVICE
### (via ECF and Regular mail)

I hereby certify that on this date I caused a true copy of the foregoing Notice of Removal to be served on Plaintiff, via ECF and Regular mail, to:

> Alan L. Krumholz, Esq.
> Krumholz Dillon, P.A.
> Attorney for Plaintiff
> 574 Summit Avenue, Suite 402
> Jersey City, NJ 07306

I hereby further certify that on this date I caused Defendant's Notice of Filing of Removal together with a copy of the Notice of Removal to be delivered for filing by first-class mail to:

> Clerk, Superior Court of New Jersey
> Law Division, Hudson County
> Brennan Courthouse
> 583 Newark Avenue, First Floor
> Jersey City, NJ 07306

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*Debra Fontana*

Dated: May 8, 2009

# EXHIBIT A

**KRUMHOLZ DILLON, PA**
Attorneys at Law
574 Summit Avenue, Suite 402
Jersey City, NJ 07306
(201) 656-5232
(201) 656-7270 (Fax)

| | |
|---|---|
| MILAGROS COLON, | SUPERIOR COURT OF NEW JERSEY |
| | COUNTY OF HUDSON |
| Plaintiff | LAW DIVISION |
| vs. | DOCKET NO.: HUD L-1417 09 |
| KENNETH COLE PRODUCTIONS, INC., A CORPORATION | CIVIL ACTION |
| Defendant | |

## SUMMONS

From the State of New Jersey
To the Defendant named above: KENNETH COLE PRODUCTIONS, INC., a corporation

 The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN 971, Trenton, NJ 08625. A filing fee* payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the Court to hear your defense.

 If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

 If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these office is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

DATED: March ___, 2009.

             <u>THEODORE J. FETTER</u>
             SUPERIOR COURT CLERK

NAME OF DEFENDANT TO BE SERVED:
KENNETH COLE PRODUCTIONS, INC.

Address of the Defendant to be served:

400 Plaza Drive
Secaucus, New Jersey 07094

\* $105.00 For Chancery Division Cases or
 $110.00 For Law Division Cases

HUDSON COUNTY SUPERIOR COURT
HUDSON COUNTY
595 NEWARK AVENUE
JERSEY CITY      NJ 07306

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (201) 217-5100
COURT HOURS

DATE:    MARCH 20, 2009
RE:      COLON VS KENNETH COLE PRODUCTIONS
DOCKET:  HUD L -001417 09

THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 2.

DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON SHIRLEY A. TOLENTINO

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      001
AT (201) 795-6450.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

                   ATTENTION:
                                ATT: ALAN L. KRUMHOLZ
                                KRUMHOLZ DILLON PA
                                539 SUMMIT AVE
                                JERSEY CITY       NJ 07306

JEEPH


RECEIVED MAR 2 4 2009 By_____

MAR 2 4 2009

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
**Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: | CK  CG  CA |
| CHG/CK NO.: | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| ALAN L. KRUMHOLZ, ESQ. | (201) 656-5232 | HUDSON |

| FIRM NAME (If applicable) | DOCKET NUMBER (When available) |
|---|---|
| KRUMHOLZ DILLON, PA | L-1417-09 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 574 Summit Avenue<br>Jersey City, NJ  07306 | COMPLAINT |
| | JURY DEMAND ☒ YES ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| MILAGROS COLON | MILAGROS COLON v KENNETH COLE PRODUCTIONS, INC., a corporation |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO |
|---|---|
| 618 | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ YES ☒ NO | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ☒ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN<br>☐ NONE<br>☒ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION: Disab Discrim LAD Viol. FMLA

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☒ YES ☐ NO | IF YES, IS THAT RELATIONSHIP ☒ EMPLOYER-EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS |
|---|---|

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☒ YES ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ☒ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: Not For Court Attendence |
|---|---|

| WILL AN INTERPRETER BE NEEDED? ☒ YES ☐ NO | IF YES, FOR WHAT LANGUAGE: Spanish |
|---|---|

ATTORNEY SIGNATURE: [signature]

Revised effective 09/2006, CN10517

**SIDE 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (SUMMARY ACTION)
- 999 OTHER (Briefly describe nature of action)

**Track II — 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603 AUTO NEGLIGENCE – PERSONAL INJURY
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 699 TORT – OTHER

**Track III — 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV — Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Mass Tort (Track IV)**
- 240 REDUX/PHEN-FEN (formerly "DIET DRUG")
- 241 TOBACCO
- 248 CIBA GEIGY
- 264 PPA
- 266 HORMONE REPLACEMENT THERAPY (HRT)
- 268 MANUFACTURED GAS PLANT (MGP)
- 271 ACCUTANE
- 272 BEXTRA/CELEBREX
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 601 ASBESTOS
- 619 VIOXX

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category:

☐ Verbal Threshold      ☐ Putative Class Action      ☐ Title 59

Revised effective 09/2006, CN10517

**FILED**
TEAM #2

MAR 17 2009
SUPERIOR COURT OF N.J.
COUNTY OF HUDSON
CIVIL DIVISION #5

KRUMHOLZ DILLON, P.A.
574 Summit Avenue
Jersey City, NJ  07306
(201) 656-5232
Attorneys for Plaintiff

---

MILAGROS COLON

        Plaintiff

vs

KENNETH COLE PRODUCTIONS,
Inc., a corporation

        Defendants

---

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
COUNTY OF HUDSON

DOCKET NO.:

CIVIL ACTION

**COMPLAINT**

    Plaintiff, Milagros Colon, residing at 240 Hagan Place, Secaucus, New Jersey, complaining of the Defendants, says:

### FIRST COUNT

1. That the plaintiff, Milagros Colon, was employed by the defendant, Kenneth Cole Productions, Inc., in the position of Retail Desktop Support in Secaucus, New Jersey, during the period August 2004 until March 14, 2008 and performed services in accordance with the expectations of her employer and was paid wages in accordance therewith.

2. That during the period January to March 2008 the plaintiff suffered from a condition of migraine headaches which caused her to be temporarily disabled and to seek medical treatment for her condition.

3. That the plaintiff did report such treatment to her employer and did account for days off with medical notes as required and requested and did lose time from work during this period of time.

4. That on or about March 14, 2008, the plaintiff was terminated from her job by the defendant.

5. Plaintiff contends that the termination of her employment violated her rights under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4.1, et seq. as a form of Disability Discrimination.

6. As a result of the actions of defendant(s) as aforesaid, plaintiff was caused to sustain a loss of employment and income and was caused to sustain emotional and psychological distress and harm, embarrassment, and a continuous and permanent interference with the prospect of future economic advantage and with the ability to obtain future employment.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages and equitable relief on this Count of the Complaint, against any or all of the said defendants, together with interest, attorney fees and costs of suit.

### SECOND COUNT

Plaintiff repeats the allegations of the previous counts of the Complaint and incorporates same herein by reference and further says:

1. Plaintiff alleges that the medical conditions from which she suffered during the course of her entire employment entitled her to the benefits to the Federal Family and Medical Leave Act 29

U.S.C. 2601.

2. Plaintiff alleges that the termination of her employment violated the plaintiff's rights under the Federal Family and Medical Leave Act as aforesaid.

3. As a result of the actions of defendant(s) as aforesaid, plaintiff was caused to sustain a loss of employment and income and was caused to sustain emotional and psychological distress and harm, embarrassment, and a continuous and permanent interference with the prospect of future economic advantage and with the ability to obtain future employment.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages, equitable relief and liquidated damages on this Count of the Complaint, against any or all of the said defendants, together with interest, attorney fees and costs of suit.

### JURY DEMAND

Plaintiff hereby demands trial by jury on all issues herein.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Alan L. Krumholz, Esq., is hereby designated as trial counsel for Plaintiff in the within matter.

### R.4:5-1 CERTIFICATION

Pursuant to R.4:5-1, it is hereby certified that, to the best of our knowledge and belief, the matter in controversy is not the subject of any other action pending in any other Court or

of a pending Arbitration proceeding. Also, to the best of our knowledge and belief, no other action or Arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, at the present time we know of no other parties that should be joined in this action.

                                        KRUMHOLZ DILLON, P.A.
                                        Attorneys for Plaintiff

                         By: _____
                                    ALAN L. KRUMHOLZ